UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

                                  Case No: 3:14-bk-04699-JAF

NICHOLS CREEK DEVELOPMENT, LLC,

    Debtor.                               Chapter 11
_____/

**CREDITOR WHITNEY BANK, f/k/a HANCOCK BANK'S OBJECTION TO DEBTOR'S COMBINED AMENDED DISCLOSURE STATEMENT AND AMENDED CHAPTER 11 PLAN OF LIQUIDATION AND INCORPORATED MEMORANDUM OF LAW**

Creditor, WHITNEY BANK, formerly known as HANCOCK BANK, as assignee of the FDIC as receiver for Peoples First Community Bank ("Hancock"),[1] by counsel, files this Objection to the Combined Amended Disclosure Statement and Amended Chapter 11 Plan of Liquidation of Debtor, NICHOLS CREEK DEVELOPMENT, LLC ("Debtor'), filed on May 23, 2015 [Doc. 83]. In support, Hancock respectfully states:

**I.    JURISDICTION.**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

**II.    INTRODUCTION.**

Debtor is a Florida limited liability company. Debtor is the sole owner of the Nichols Creek Property, which is Debtor's sole asset. The Nichols Creek Property is undeveloped

---

[1]    Effective March 31, 2014, Hancock Bank's name changed to Whitney Bank.

land located in Duval County, Florida. Hancock holds the first mortgage on the Nichols Creek Property and has an additional secured interest in the Nichols Creek Property by virtue of a Cross Default Agreement. Prior to Debtor filing its bankruptcy petition, Hancock filed a foreclosure lawsuit against Debtor relating to Hancock's first mortgage. A related foreclosure lawsuit based on a default of the loan which is the subject of the Cross Default Agreement had already ended in a Final Judgment of Foreclosure in favor of Hancock, so Debtor recognized the likelihood of a pending Final Judgment of Foreclosure against it on the first mortgage as well.

On September 26, 2014 (the "Petition Date"), Debtor filed a voluntary petition under Title 11 of Chapter 11 of the United States Code (the "Bankruptcy Code") [Doc. 1]. On February 24, 2015, Debtor filed its initial Disclosure Statement [Doc. 46] in support of its initial Plan of Liquidation ("Initial Plan") [Doc. 47]. Debtor's Initial Plan proposed to sell the Nichols Creek Property and to use the sale proceeds to fully pay one of Hancock's claims, partially pay a second secured creditor, but not pay any other creditors claims, including Hancock's second claim. The funding of the Initial Plan was supposed to occur "before the end of March 2015" through a Sales Contract to Greg Williamson in exchange for a purchase price of $14,900,000.00 ("Sales Contract"). The Sales Contract did not close, has been cancelled, and was argued by Hancock as having always been illusory and pure fantasy. [*See,* Doc. 46, p. 13 and Doc. 47]. Thereafter, on May 23, 2015, Debtor filed its Combined Amended Disclosure Statement and Amended Plan of Liquidation [Doc. 83]. Debtor's Amended Plan proposes to have a private company auction the Nichols Creek Property in two (2) parcels and use the sale proceeds to pay Debtor's creditors to the extent

funds are available. A hearing on the Amended Disclosure Statement is scheduled for July 28, 2015.

Hancock is the holder of two (2) secured claims against Debtor. [Am. Proof of Claim Nos. 4-2 and 5-2]. Hancock's first claim against Debtor in the amount of $11,219,396.73 as of January 12, 2015, is by virtue of the Renewal Note secured by a first mortgage on the Nichols Creek Property. [Am. Proof of Claim No. 4-2]. Hancock's second claim against Debtor in the amount of $4,244,458.82 as of January 12, 2015, is by virtue of the Cross Default Agreement, following a Final Judgment of Foreclosure entered in favor of Hancock. [Am. Proof of Claim No. 5-2]. Debtor objected to both claims by Hancock. The Court sustained Debtor's objections to Hancock's claims because of an error detailed in Hancock's pending Motion for Reconsideration of the Court's Orders. [Doc. 72]. A hearing on Hancock's pending Motion for Reconsideration of the Court's Orders is scheduled for August 17, 2015.

Hancock's claim, as the first mortgage holder [Am. Proof of Claim No. 4-2], is classified as impaired Class 2 in the Amended Disclosure Statement and Amended Plan [Doc. 83, p. 10]. Hancock's second claim [Am. Proof of Claim No. 5-2] is as impaired Class 4 in the Amended Disclosure Statement and Amended Plan [Doc. 83, p. 11]. The Amended Disclosure Statement and Amended Plan provide that six (6) of the eight (8) identified Classes are impaired, and are entitled to vote to accept or reject the Plan. Class 8 of the Amended Disclosure Statement and Amended Plan are Unsecured Creditors of Debtor and

are classified as Unimpaired.[2] Insiders of Debtor are creditors as well.

### III. The Court Should Deny Approval of the Amended Disclosure Statement and the Amended Plan Proposed by Debtor.

The Amended Disclosure Statement should not be approved because it describes an Amended Plan that Hancock, holder of impaired Class 2 and Class 4 Claims, will vote to reject. Hancock is mindful of the distinction between issues that are appropriately addressed at the disclosure statement hearing and those more typically reserved for consideration at confirmation. However, it is well established that courts may consider substantive plan issues at the disclosure statement hearing and deny approval to disclosure statements predicated upon facially unconfirmable plans. *In re American Capital Equipment, LLC,* 668 F. 3d 145 (3d Cir. 2012), *see also, In re Felicity Assocs., Inc.*, 197 B.R. 12, 14 (Bankr. D.R.I. 1996).

Courts often deny approval of a disclosure statement if the underlying plan is unconfirmable. *See, e.g., In re Criimi Mae, Inc.*, 251 BR. 796, 799 (Bankr. D. Md. 2000) ("it is now well accepted that a court may disapprove of a disclosure statement, even if it provides adequate information about a proposed plan, if the plan could not possibly be confirmed"); *In re Main St. AC, Inc.*, 234 B.R. 771, 775 (Bankr. N.D. Cal. 1999) (same); *In re Curtis Ctr. Ltd.,* 195 B.R. 631, 638 (Bankr. E.D. Pa. 1996) (in denying approval of a disclosure statement based on, among other things, the debtor's inability to gerrymander the voting process in order to procure a consenting impaired class, the court noted that "a disclosure statement should be disapproved where the plan it describes is patently

---

[2] There are no unsecured creditors identified by Debtor. [Doc. 83, p. 12].

unconfirmable"); *In re Felicity Assocs.,* 197 B.R. at 14 (in disapproving of disclosure statement where debtor attempted to gerrymander an affirmative vote on the plan, the court noted that "[i]t has become standard Chapter 11 practice that, 'when an objection raises substantive plan issues that are normally addressed at confirmation, it is proper to consider and rule upon such issues prior to confirmation, where the proposed plan is arguably unconfirmable on its face'") (citation omitted); *In re McCall*, 44 B.R. 242, 243 (Bankr. E.D. Pa. 1984) (objection to disclosure statement is proper where plan is unconfirmable because "[a] contrary result would merely delay the consideration of an inevitable objection at a cost to creditors").

Asking the Court to withhold approval of the Amended Disclosure Statement based on a facially unconfirmable Plan prevents the additional burden and costs associate with distribution of the Plan and solicitation of votes for the non-confirmable Amended Plan. *In re Pecht,* 53 B.R. 768 (Bankr. E.D. VA. 1985).

If the Court can determine from a reading of the Amended Plan that it does not comply with § 1129 of the Bankruptcy Code, then it is incumbent upon the Court to decline approval of the Amended Disclosure Statement and prevent diminution of the estate. *Id.,* at 139; see also *In re H.K. Porter Co.,* 156 B.R. 16 (Bankr. W.D. Pa. 1993) (in disapproving disclosure statement on grounds that plan related thereto failed to take into account future claimants, the court agreed with the parties who objected to the disclosure statement that "it would be a waste of the Court's resources and of the estate's assets to allow a plan which is nonconfirmable on its face to proceed through the confirmation process"); *In re E. Maine Elec. Corp.*, 125 B.R. 329, 333 (Bankr. D. Me. 1991) (burden and expense of distributing

plan and soliciting votes related thereto is "unwise and inappropriate" if the plan is unconfirmable).

Debtor's Amended Plan is patently unconfirmable because Hancock, the holder of two (2) impaired classes of claims, will not vote to accept the Amended Plan. Hancock objects to its treatment under the Amended Plan to the extent Debtor proposes to pay certain administrative claims and the unpaid property taxes to Duval County Tax Collector prior to paying Hancock's claims.

Debtor's Amended Plan is also patently unconfirmable because it is not in the best interest of the creditors, including Hancock. The Amended Disclosure Statement and Amended Plan propose to offer the Nichols Creek Property in two (2) parcels as opposed to one (1) parcel. Additionally, the parameters of the auction as set forth in the Amended Plan and the attached Auction Proposal, along with the proposed time frame of such auction are not in the best interest of the creditors, and therefore, Hancock objects to the structure and time frame of the auction. Accordingly, the Court should deny approval of the Amended Disclosure Statement because the Amended Plan cannot be confirmed.

## V.    CONCLUSION.

Even if the Court were to approve the Amended Disclosure Statement, the result would be the same, i.e., the Amended Plan would not be confirmed. Putting off these concerns to a later date will only serve to increase the expense, delay, and inconvenience for all parties-in-interest.

WHEREFORE, Creditor, WHITNEY BANK, formerly known as HANCOCK BANK, as assignee of the FDIC as receiver for Peoples First Community Bank, requests this Court sustain this Objection, deny the approval of the Combined Amended Disclosure Statement and Amended Chapter 11 Plan of Liquidation, and grant Hancock such other relief as this Court deems just and proper.

DATED this 21st day of July, 2015.

STOVASH, CASE & TINGLEY, P.A.

/s/  Robert J. Stovash
Robert J. Stovash, Esquire
Florida Bar Number 769320
rstovash@sctlaw.com
Dana S. Lidfeldt, Esquire
Florida Bar Number 0042345
dlidfeldt@sctlaw.com
220 N. Rosalind Ave.
Orlando, Florida 32801
Tel: (407) 316-0393
Fax: (407) 316-8969
*Attorneys for Creditor Whitney Bank*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing Objection to Debtor, Nichols Creek Development, LLC's Combined Amended Disclosure Statement and Amended Chapter 11 Plan of Liquidation has been electronically filed with the Clerk of Court using CM/ECF, or furnished by electronic transmission or first class, prepaid U.S. Mail to the following on the 21st day of July, 2015, to:

Jason A. Burgess, Esquire
The Law Offices of Jason A. Burgess
118 W. Adams Street, Suite 900
Jacksonville, Florida 32202
Jason@jasonaburgess.com
*Debtor's Attorney*

U.S. Trustee, United States Trustee
JAX 11, Office of the United States trustee
George C. Young Federal Building
400 W. Washington Street, Suite 1100
Orlando, Florida 32801
Scott.e.bomkamp@usdoj.gov

Eugene H. Johnson, Esquire
300 West Adams Street, Suite 400
Jacksonville, Florida 32202
ehj@johnsonlawpa.com
alex@johnsonlawpa.com
Ashley@johnsonlawpa.com
ellie@johnsonlawpa.com
*Attorney for Hawkins Avenue Corp.*

David K. Minacci, Esquire
3520 Thomasville Road
Tallahassee, Florida 32309
davidm@stslaw.com
*Attorney for R2S, LLC*

Alan M. Weiss, Esquire
50 N. Laura Street, Suite 3900
Jacksonville, Florida 32202
Alan.weiss@hklaw.com
*Attorney for Stokes Holding, LLP*

Nichols Creek Development, LLC
P.O. Box 1344
Vidalia, Georgia 30475

Bobby Gatling
225 Water Street, Suite 110
Jacksonville, Florida 32202

/s/ *Robert J. Stovash*
Robert J. Stovash